IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE M. JIRON,

    Plaintiff,

v.                                                                        No. 21-cv-084 JB-KBM

STATE OF COLORADO, *et al*,

    Defendants.

## ORDER TO CURE DEFICIENCY

This matter is before the Court on Plaintiff Lawrence Jiron's Letter-Complaint filed February 1, 2021 (Doc. 1). Plaintiff is incarcerated in a Colorado state prison and is proceeding *pro se*. His Letter-Complaint consists of 68 pages. It contains oblique reference to civil claims that were dismissed in Colorado, the Uniform Commercial Code, anti-trust statutes, excessive sentencing, and intellectual property infringement. Plaintiff also attaches diagrams of the moon, a drawing of Cleopatra, and correspondence regarding anti-trust violations, COVID-19, and prison book requests.

Because Plaintiff filed his Letter-Complaint while incarcerated, it is subject to *sua sponte* screening under 28 U.S.C. § 1915A. The Court must dismiss any claim that is frivolous, malicious, or fails to state a cognizable claim. *See* 28 U.S.C. § 1915A(b). The Court cannot perform its screening function because it is unclear which claims Plaintiff intends to assert and whether jurisdiction lies in New Mexico. The Complaint is a quintessential "kitchen-sink" or "shotgun" filing, which "brings every conceivable claim against every conceivable defendant." *D.J. Young Pub. Co., LLC ex rel. Young v. Unified Gov't of Wyandotte*, 2012 WL 4211669, at *3

(D. Kan. Sept. 18, 2012) (unpublished); *see also Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."). Shotgun pleadings are "pernicious" because they "unfairly burden defendants and courts" by shifting onto them "the burden of identifying plaintiff's genuine claims and determining which of those claims might have legal support." *D.J. Young,* 2012 WL 4211669, at *3; *see also Pola v. Utah*, 458 Fed. App'x. 760, 762 (10th Cir. 2012) (affirming the dismissal of a complaint that was "incoherent, rambling, and include[d] everything but the kitchen sink"); *McNamara v. Brauchler*, 570 Fed. App'x 741, 743 (10th Cir. 2014) (allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which … pertinent allegations to which a response is warranted").

Accordingly, Plaintiff must file a single amended complaint within thirty (30) days of entry of this Order. The amended complaint must comply with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief. It must also list the specific Defendants Plaintiff wishes to sue. The amendment should "explain what each defendant did to [Plaintiff] ...; when the defendant did it; how the defendant's action harmed him ...; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Finally, Plaintiff must also specify how the claims are connected to New Mexico, and why he believes this Court has jurisdiction over the case. For example, Plaintiff should specify whether any Defendants are located in New Mexico or whether any alleged wrongdoing occurred here.

If Plaintiff fails to timely file an amended complaint, or files an amended complaint that violates Rule 8(a) and the above instructions, the Court will dismiss this case without prejudice

2

and without further notice. The Clerk's Office will mail Plaintiff a blank 42 U.S.C. § 1983 complaint, if he wishes to use that form in connection with his amendment.

**IT IS ORERED** that within thirty (30) days of entry of this Order, Plaintiff must file a single, amended complaint as specified above.

**IT IS FURTHER ORDERED** that the Clerk's Office shall **MAIL** Plaintiff a form § 1983 civil rights complaint.

_____
UNITED STATES MAGISTRATE JUDGE