IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE M. JIRON,

    Plaintiff,

vs.                                                                                     No. CIV 21-0084 JB/KBM

STATE OF COLORADO,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Lawrence Jiron's failure to amend his defective pleading in accordance with rule 8 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8(a). Jiron is incarcerated and proceeding pro se. See Letter-Complaint Regarding Judgment on Universal Commercial Lien at 68, filed February 1, 2021 (Doc. 1)(no paragraph numbering)("Letter-Complaint"). The Honorable Karen Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered previously Jiron to file an amended complaint that conforms to the form Prisoner Civil Rights Complaint and rule 8(a). See Order to Cure Deficiency, filed March 20, 2021 (Doc. 7)("Cure Order"). Because Jiron has not complied with the Cure Order, the Court will dismiss this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Jiron is an inmate at the Crowley County Correctional Facility in Olney Springs, Colorado. See Letter-Complaint at 68. His Letter-Complaint consists of sixty-eight pages. See Letter-Complaint at 1-68. The Letter-Complaint opens by referencing several cases that Jiron filed in Colorado state courts and in the United States District Court for the District of Colorado. See

Letter-Complaint at 1.  The Letter Complaint suggests that those courts dismissed each case for unknown reasons.  See Letter-Complaint at 1-2.  The Letter-Complaint then cites various sections of: (i) the United States Code; (ii) the Uniform Commercial Code; and (iii) anti-trust statutes, and raises oblique arguments about excessive sentencing and intellectual property infringement.  See Letter-Complaint at 1-6.  Jiron also attaches: (i) diagrams of the moon; (ii) a drawing of Cleopatra; (iii) state court pleadings; (iv) interview requests; and (v) correspondence regarding anti-trust violations, COVID-19, and prison books.  See Letter-Complaint at 7-66.  The Letter-Complaint seeks at least $950,000.00 from the State of Colorado and other unidentified Defendants.  See Letter-Complaint at 64.  Within three weeks after filing the Complaint, Jiron also filed an Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees, filed February 1, 2021 (Doc. 2)("IFP Motion"); a Letter-Motion Demanding the Appointment of Counsel, filed February 26, 2021 (Doc. 5)("First Motion to Appoint Counsel"); and a second Letter-Motion Demanding the Appointment of Counsel and a Civil Investigation, filed February 26, 2021 (Doc. 6)("Second Motion to Appoint Counsel").

By an Order entered February 4, 2021, the Court referred the matter to Magistrate Judge Molzen for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference in Prisoner Cases, filed February 4, 2021 (Doc. 3).  Magistrate Judge Molzen, thereafter, entered the Cure Order.  See Cure Order at 1.  The Cure Order explains:

> Because Plaintiff filed his Letter-Complaint while incarcerated, it is subject to *sua sponte* screening under 28 U.S.C. § 1915A.  The Court must dismiss any claim that is frivolous, malicious, or fails to state a cognizable claim.  *See* 28 U.S.C. § 1915A(b).  The Court cannot perform its screening function because it is unclear which claims Plaintiff intends to assert and whether jurisdiction lies in New Mexico. . . .
>
> Accordingly, Plaintiff must file a single amended complaint within thirty (30) days of entry of this Order.  The amended complaint must comply with Fed. R. Civ. P. 8(a), which requires a short and plain statement of the grounds for relief.

It must also list the specific Defendants Plaintiff wishes to sue. The amendment should "explain what each defendant did to [Plaintiff] . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007). Finally, Plaintiff must also specify how the claims are connected to New Mexico, and why he believes this Court has jurisdiction over the case. For example, Plaintiff should specify whether any Defendants are located in New Mexico or whether any alleged wrongdoing occurred here.

Cure Order at 1-2.

Magistrate Judge Molzen warns Jiron that, if he does not file timely an amended complaint, or filed an amended complaint that violates Rule 8(a) and the above instructions, the Court may dismiss the case without further notice. See Cure Order at 2-3. The Clerk's Office mailed Jiron a blank 42 U.S.C. § 1983 complaint to assist with the amendment. See Cure Order at 3; Staff Note, filed March 22, 2021 (no document number). The deadline to file an amended complaint that complies with rule 8(a) was April 19, 2021. See Cure Order at 3. Jiron has not complied with the Cure Order. Instead, he filed a third Letter-Motion Demanding Judgment and the Appointment of Counsel. See Letter-Motion Demanding Judgment and the Appointment of Counsel, filed March 29, 2021 (Doc. 8)("Third Motion to Appoint Counsel"). The Court will set out the standards for reviewing pro se prisoner complaints before evaluating whether to dismiss the case.

**LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS**

Section 1915A of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is incarcerated and seeks relief from a government official. See 28 U.S.C. § 1915A. The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915A(b). The court also may dismiss a complaint sua sponte under rule 12(b)(6) if

"it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [the plaintiff] an opportunity to amend [the] complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(internal quotation marks omitted). In other words, the same standard of review applies under rule 12(b)(6) and § 1915(e).

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and, when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.)); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual

allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted). The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." . . . The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110.  At the same time, however, the Court should not serve as the pro se party's advocate.  See Hall v. Bellmon, 935 F.2d at 1110.  Pro se parties must file a legible pleading that complies with rule 8.  That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]"  Fed. R. Civ. P. 8(a).  "It is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action." McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014)(unpublished)(citations omitted). See also Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012)(unpublished)(affirming dismissal of complaint that "included everything but the kitchen sink").  Allowing such pleadings to survive screening "would force the Defendants to carefully comb through" various documents "to ascertain which . . . pertinent allegations to which a response is warranted."  McNamara v. Brauchler, 570 F. App'x at 743.

## LAW REGARDING RULE 8 AND NOTICE PLEADING

Rule 8(a) states:

(a)  Claim for Relief. A pleading that states a claim for relief must contain:

    (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

    (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

    (3)    a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

The United States Court of Appeals for the Tenth Circuit clarified recently that a plaintiff "does not need to provide exact details to" comply with Rule 8(a). Richeson v. United States, 2021 WL 868485, at *2 (10th Cir. March 9, 2021)(unpublished). "He needs only to provide allegations which are clear enough so that the opposing party and the court can discern a factual and legal basis for his claims." Richeson v. United States, 2021 WL 868485 at *2. In Richeson v. United States, the Tenth Circuit determined that the United States District Court for the District of Colorado dismissed properly a complaint containing "84 pages of attachments," which "provide a few pieces of the puzzle as to what has happened" and "demonstrate only a general allegation of wrongdoing." 2021 WL 868485, at *2. The Tenth Circuit also repeatedly has rejected "shotgun" complaints that bring every conceivable claim against multiple defendants. Glenn v. First Nat. Bank in Grand Junction, 868 F.2d 368, 371 (10th Cir. 1989)("The law recognizes a significant difference between notice pleading and 'shotgun' pleading."); Pola v. Utah, 458 F. App'x. 760, 762 (10th Cir. 2012)(affirming the dismissal of a complaint that was "incoherent, rambling, and include[s] everything but the kitchen sink"); McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014)(allowing shotgun pleadings to survive screening "would force the Defendants to carefully comb through [the documents] to ascertain which . . . pertinent allegations to which a response is warranted").

## ANALYSIS

Jiron filed a sixty-eight-page Letter-Complaint containing oblique reference to claims that were dismissed in Colorado, to the United States Code, to the Uniform Commercial Code, to antitrust statutes, to excessive sentencing, and to intellectual property infringement. See Letter-Complaint at 1-67. The attached diagrams, drawings, and correspondence do not shed light on the claims. The Letter-Complaint functions as a "shotgun pleading," citing various topics and

statutes that make it impossible to "discern a factual and legal basis for" Jiron's claims. Richeson v. United States, 2021 WL 868485 at *2. It is also impossible to determine from the Letter-Complaint whether jurisdiction lies in New Mexico, since Jiron has no apparent connection to this state. See Letter-Complaint at 1-67. Magistrate Judge Molzen has given Jiron an opportunity to file a discernable complaint that complies with Rule 8(a) and alleges a basis for jurisdiction, and the Clerk's Office has sent him a blank form complaint for guidance. See Cure Order at 2-3. Instead of returning the form, Jiron has filed the Third Motion to Appoint Counsel. See Third Motion to Appoint Counsel at 1. The Court cannot construe somehow that filing as an amended complaint that complies with rule 8(a). Like the original Letter-Complaint, the Third Motion to Appoint Counsel cites irrelevant statutes, contains a list of different orders, and includes drawings and diagrams that bear no relation to any claim.[1] See Third Motion to Appoint Counsel at 1-5. The Court, therefore, determines the Letter-Complaint does not comply with rule 8(a), and that Jiron has not cured the deficiency as Magistrate Judge Molzen directed.

"If the complainant fails to comply with Rule 8, a court may dismiss an action with or without prejudice . . . ." Fletcher v. Raemisch, 768 F. App'x 825, 826 (10th Cir. 2019). The

---

[1]To the extent that Jiron seeks counsel on the ground that he cannot comply with Rule 8(a), the Court denies this request. "Courts are not authorized to appoint counsel in [civil] cases; instead, courts can only 'request' an attorney to take the case" on a pro bono basis. Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016). Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues." Rachel v. Troutt, 820 F.3d at 397. Considering these factors, the Court will not take the extraordinary step of asking a local attorney to represent Jiron on a pro bono basis. Jiron has not filed a comprehensible pleading, and the few discernable allegations (i.e., allegations directed at relitigating Colorado rulings) lack merit. Moreover, the Tenth Circuit holds that "[l]ike all other civil litigants, [pro se parties] must comply with Rule 8." Lucero v. United States, 2021 WL 612349, at *2 (10th Cir. Feb. 17, 2021). See also Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007)("[L]iberal treatment is not without limits, and this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants.")(quotations omitted).

Court dismisses the Letter-Complaint without prejudice, because there is no way to determine what claims are being dismissed, and Jiron has not shown that the Court has jurisdiction to enter an adjudication on the merits. The Court also will deny all other pending motions as moot, including the IFP Motion; the First Motion to Appoint Counsel; the Second Motion to Appoint Counsel; and the Third Motion to Appoint Counsel.

**IT IS ORDERED** that: (i) the Court dismisses this civil action without prejudice, including Letter-Complaint Regarding Judgment on Universal Commercial Lien at 68, filed February 1, 2021 (Doc. 1); (ii) the Court will enter a separate Final Judgment closing the civil case; (iii) the Court denies as moot Plaintiff Lawrence Jiron's: (a) Inmate Motion Requesting to File Without Prepayment of Filing/Service Fees, filed February 1, 2021 (Doc. 2); (b) Letter-Motion Demanding the Appointment of Counsel, filed February 26, 2021 (Doc. 5); (c) Letter-Motion Demanding the Appointment of Counsel and a Civil Investigation, filed February 26, 2021 (Doc. 6); and (d) Letter-Motion Demanding Judgment and the Appointment of Counsel, filed March 29, 2021 (Doc. 8).

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Lawrence M. Jiron
Olney Springs, Colorado

    *Plaintiff pro se*